IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL EDWARD HARRIS,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 10-cv-530-DRH |
| | ) |
| **JOHN EVANS,** | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

Petitioner, currently incarcerated in the Big Muddy Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge his conviction in the First Judicial Circuit (Williamson County, Illinois) of first-degree murder. He seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Doc. 2) and appointment of counsel (Doc. 3).

Leave to proceed *in forma pauperis* (Doc. 2) is **GRANTED**.

With regard to his motion for appointment of counsel (Doc. 3), however, there is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Santiago v. Walls,* 599 F.3d 749, 760-61 (7th Cir. 2010). While civil litigants do not have a constitutional or statutory right to counsel, the Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), authorizes a district court to appoint counsel for a petitioner seeking habeas relief under 28 U.S.C. § 2254. Appointment of counsel for a habeas petitioner is within the district court's discretion and is governed by standards similar to those followed in other civil cases. *See Wilson v. Duckworth*,

716 F.2d 415, 418 (7th Cir. 1983); *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992).

When presented with a request to appoint counsel in a civil case, the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d647, 854-55 (7th Cir. 2007). With regard to the first step of the inquiry, it appears Petitioner has attempted to obtain counsel, but his efforts have been unsuccessful.

With regard to the second step of the inquiry,"the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id*.; *see also Santiago v. Walls*, 599 F.3d at 762-64. At this point in time, it is difficult for the Court to assess this factor. *See Romanelli v. Suliene*, _ F.3d _, 2010 WL 3155926 (7th Cir. Aug. 11, 2010) (noting infancy of case makes it impossible to make accurate determination of Plaintiff's abilities to litigate case). The petition appears to be coherent and the Court is able to comprehend the gist of Plaintiff's claims without much difficulty. At this time, the Respondent has not yet filed a reply or answer to the petition. While counsel might be helpful to Petitioner if an evidentiary hearing is held, the Court has not yet determined whether an evidentiary hearing will be required for this case. Future developments may change the Court's mind on whether counsel should be appointed or not. At this early stage and time, though, the Court concludes that Petitioner appears to be competent to litigate his case. Therefore, Petitioner's motion for the appointment of counsel (Doc. 3) is **DENIED**, without prejudice.

**IT IS HEREBY ORDERED** that Respondent shall, within twenty-three (23) days of receipt

of this application for Writ of Habeas Corpus, answer and show cause why the writ should not issue.

Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk [and each opposing party] informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED.R.CIV.P. 41(b).

**IT IS SO ORDERED.**

**DATED:** September 21, 2010


                                              /s/   DavidRHerndon
                                              **DISTRICT JUDGE**