## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**United States of America ex rel.**
**MICHAEL HARRIS,**

**Petitioner,**

**Case No.   10-530-DRH-SCW**

**vs.**

**JOHN EVANS, Warden**
**Big Muddy River Correctional Center,**

**Respondent.**

### MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

## I.   Introduction

This case is before the Court on a petition for writ of habeas corpus (Doc. 1).

Respondent has filed a Response to the petition (Doc. 14).   Based on the following,

the Court **DENIES** and **DISMISSES** petitioner's habeas petition (Doc. 1).

## II.   Background

**A.   Procedural Background**

**1.   Facts**

Petitioner is confined at Big Muddy River Correctional Center where he is

serving a twenty-seven year sentence for first degree murder.   Petitioner was found

guilty for the murder of Aaron Paul Gregory under an accountability theory, namely

that petitioner was accountable for the actions of Joey Valco who robbed and shot

Gregory in order to obtain drugs.

On April 1, 1999, Joey Valco met with a Mary Plumlee, whom he had obtained drugs from on a number of occasions, in order to purchase between $700 and $800 in cocaine (Doc. 14 Ex. A at p. 1). Gregory accompanied Plumlee to the transaction (*Id.*). Valco requested that the location of the drug deal be moved two times (*Id.* at p. 2). After requesting that the transaction be relocated to a nearby car wash, Valco asked either Plumlee or Gregory to ride with him to the car wash (*Id.*). Gregory agreed and Plumlee followed the two individuals in her car. Upon arriving at the car wash, Plumlee saw Gregory running toward her car and Valco appeared with a gun and shot at Gregory. Gregory made it into Plumlee's car, but received a gunshot wound and he later died as a result of that injury (*Id.*). Petitioner allegedly was at the car wash at the time of the shooting and knew that Valco planned on committing a robbery and that Valco had a handgun (*Id.* at p. 3). Defendant also got in the car and road off with Valco after Valco shot Gregory. Other evidence at trial indicated a finding of Gregory's blood on petitioner's sweatshirt sleeve and blood on the passenger side of Valco's car (*Id.*). A jury returned a guilty verdict against petitioner for first-degree murder.

### 2.   State Court Proceedings

After his conviction, petitioner pursued a direct appeal, raising two claims relevant to the instant petition: (1) that the trial court erred in denying his motion for a bill of particulars, and (2) that there was insufficient evidence to support his

conviction on an accountability theory (Doc. 14 Ex. B).   On August 17, 2001, the

Illinois Appellate Court, Fifth District affirmed petitioner's conviction (*Id*. at Ex. A).

On February 5, 2012, petitioner sought leave from the Illinois Supreme Court to file

a late petition for leave to appeal (PLA) (Doc. 14 Ex. E).   The Illinois Supreme

Court allowed the late petition, treating his motion as a PLA, but ultimately denied

the PLA (Doc. 14 Exs. F & G).   Petitioner did not raise any specific claims, but

merely asked that his conviction be reversed (*Id*. Ex. E).   In addition to filing his

PLA, petitioner filed a *pro se* post-conviction petition on February 8, 2002 (Doc. 14

Ex. H).   Petitioner argued in his post-conviction petition that:

(1)   It was plain error for the judge not to instruct the jury that the prosecution had to prove beyond a reasonable doubt that petitioner was "legally reasonable" for Valco's actions.

(2)   Petitioner was deprived his right to a fair and impartial jury as the trial court failed to admonish the jury as to impermissible conduct and failed to caution jurors that petitioner retained a presumption of innocence.

(3)   The trial court erred by denying petitioner's motion to dismiss for failure to state an offense, as the information did not set forth the nature and the elements of the offense.

(4)   The trial court erred and abused its discretion by refusing to admit into evidence a certified copy of the judgment and conviction of Joey Valco.

(5)   Petitioner's counsel was ineffective at trial when his attorney failed to file a motion to suppress his statements given to police after being taken into custody.

(6)   Petitioner's trial counsel was ineffective for failing to object to the state's introduction of blood evidence found at the car wash.

(7)   The trial court abused its discretion in allowing May Plumlee's testimony to be given in the narrative form.

(8)    The trial court abused its discretion in allowing state witness Andy Wist to testify as an expert over trial counsel's objections.

(9)    Petitioner was subjected to prosecutorial vindictiveness.

(Doc. 14 Ex. H & P).   While the post-conviction petition was initially dismissed, it was eventually reversed and remanded by the Illinois Appellate Court because the court found that the trial court erred by placing an incorrect burden on the first stage of petitioner's petition (Doc. 14 Ex. I). Petitioner was appointed counsel and re-filed an amended petition, raising the following issues:

(1)    Petitioner was denied effective assistance of counsel because his trial counsel did not request a new preliminary hearing on the amended charge, did not file an objection to the lack of a preliminary hearing, and did not file a motion to dismiss charge.

(2)    The trial court erred by allowing the state to amend the information without proceeding to a preliminary hearing for determination on probable cause.

(3)    The trial court erred by not granting defendant's motion to dismiss for failure to state a cause of action.

(4)    That the appellate counsel failed to provide effective assistance of counsel by not raising the issue of trial court's denial of the motion to dismiss for failure to state a cause of action on direct appeal.

(5)    The trial court erred by failing to admit Joey Valco's certified conviction for murder into evidence.

(6)    That the appellate counsel failed to provide effective assistance of counsel by not raising the issue of the trial court's denial of the request to admit Valco's certified conviction on direct appeal.

(7)    That trial counsel failed to provide effective assistance of counsel by failing to file a motion to suppress defendant's post-arrest custodial statements.

(8)     That appellate counsel failed to provide effective assistance of counsel by not raising trial counsel's ineffective assistance of counsel for failing to file a motion to suppress.

(9)     That trial counsel failed to provide effective assistance of counsel by "opening the door" on state witness crime scene tech John Nagle's cross-examination which allowed Nagle to elicit testimony about how the victim's blood from the car got on defendant's shirt.

(10)    That appellate counsel failed to provide effective assistance of counsel by not raising trial counsel's ineffective assistance of counsel in regards to the cross-examination of John Nagle.

(11)    The trial court erred by not allowing defendant to present Non-IPI jury instruction #14 to the jury.

(12)    That appellate counsel failed to provide effective assistance of counsel by not raising the trial court's error in regards to non-IPI jury instruction #14 on direct appeal.

(Doc. 14 Ex. L).

This petition was also dismissed and petitioner appealed the petition, arguing that his post-conviction counsel did not provide effective assistance and that the court failed to grant counsel's request for a continuance (Doc. 14 Exs. M, N, & O).   The Appellate Court noted that petitioner's post-conviction counsel had been given several extensions of time throughout 2004 and 2005 to amend petitioner's petition and in December 2005 had finally filed an amended petition (Doc. 41 Ex. P at pp. 4-5).   One of the issues in the petition argued that petitioner's trial counsel had been ineffective for allowing the state's witness John Nagle to offer expert opinions as to how the victim's blood in Valco's car got on petitioner's shirt. The state filed a motion to dismiss the petition in February 2006 and in March

petitioner's post-conviction counsel again sought several extensions of time to respond to the motion to dismiss due to a medical leave (*Id*. at p. 5).   Counsel was granted several extensions of time and the trial court finally held a hearing on the motion to dismiss in January 2008.   At that hearing, the trial court noted that post-conviction counsel had suffered from a serious medical condition and also noted that he had filed another motion to continue in order to allow additional time for a blood splatter expert to review Nagle's testimony and offer an affidavit on the review (*Id*. at pp. 5-6).   The trial court denied the request, which petitioner argued on appeal was in error.

However, the Appellate Court found that the trial court was reasonable in denying petitioner's motion to continue and even if the trial court had abused its discretion, the error was harmless (*Id*.).   Reviewing Nagle's testimony, the Appellate Court found that contrary to petitioner's assertions, Nagle had not offered expert testimony (*Id*. at p. 8).   Specifically, the Court noted that while Nagle had testified that he had collected blood samples from the car and a sweatshirt from petitioner's house, he made no attempt to connect the blood found in the car to the blood on petitioner's shirt and, in fact, did not testify about blood on the sweatshirt (*Id*.).   It was state witness Andy Wist, a DNA expert, who testified that the blood in the car and on petitioner's sweatshirt was Gregory's, but he also made no attempt to explain how the blood got there (*Id*.).   Thus, the Appellate Court found that Nagle had not offered expert testimony and thus petitioner's offered blood spatter expert's testimony was not needed to show ineffective assistance of trial counsel.   Further,

the court noted that even if Nagle had improperly testified, the testimony was harmless as it was not necessary for a finding of guilt (*Id*. at p. 9).   The Appellate Court pointed out that petitioner's own statements to police, that he had been at the scene of the crime and gotten into Valco's car after the crime, was enough to find him guilty.   The Appellate Court further found that post-conviction counsel was not ineffective for failing to obtain the affidavit from the expert (*Id*. at p.10).

Petitioner sought to appeal his post-conviction petition to the Illinois Supreme Court.   In his PLA, petitioner raised two issues: that post-conviction counsel failed to provide effective assistance of counsel in that he failed to support the petition with specific allegations, failed to attach evidence to support those allegations, failed to submit substantive argument at the hearing on the motion to dismiss, and needed more time to adequately amend the petition because of a serious medical condition; and that the circuit court erred in denying the motion to continue the matter (Doc. 14 Ex. Q).   The Supreme Court denied his petition for leave to appeal (Doc. 14 Ex. R).

**B.     Habeas Claims**

Petitioner filed the instant petition on July 19, 2010 (Doc. 1).   In his petition, he raises four issues:

(1)     That the trial court erred in denying his pretrial motion for a bill of particulars.

(2)     That the state failed to prove his guilt beyond a reasonable doubt.

(3)     That Petitioner was denied effective assistance of trial, direct

appeal, and post-conviction counsel where post-conviction counsel failed to support the claims in the amended post-conviction petition, failed to attach documents, and failed to argue the claims.

(4)     That the trial court erred on Petitioner's post-conviction review in denying post-conviction counsel's motion for a continuance.

Respondent has pointed out in his Response, and the Court agrees, that there is much confusion by the claims raised in petitioner's petition and his memorandum of law. Specifically, petitioner raises Claims 1, 2, and 4 as a *Strickland* ineffective assistance of counsel claim, yet those claims seem to relate directly to errors allegedly made by the trial court itself and not any of petitioner's counsel. In fact, petitioner's supporting memorandum of law labels his claims as errors by the trial court and excludes the *Strickland* language from his memo in regards to Claims 1, 2, and 4. It appears to the undersigned that, despite the use of the *Strickland* language in petitioner's habeas petition, petitioner is only raising issues as to errors made by the trial court and not any associated counsel. Thus, the undersigned will not treat Claims 1, 2, and 4 as raising a *Strickland* claim.

Further, the Court notes that as to Claim 3, petitioner argues that he was denied effective assistance of trial, appellate, and post-conviction counsel based on the actions of post-conviction counsel. A review of petitioner's attached memorandum of law indicates that petitioner argues that he was denied effective assistance of post-conviction counsel due to counsel's failure to support the claims set forth in petitioner's amended state petition. To construe the petition as raising a *Strickland* claim of ineffective assistance of counsel against the trial and appellate

counsel for actions of the post-conviction counsel would be nonsensical. Thus, the undersigned construes petitioner's third claim as a *Strickland* ineffective assistance of counsel claim against post-conviction counsel only.

### III.   Analysis

The Anti-Terrorism and Death Penalty Act of 1996 ("AEDPA") allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. §2254(a).   Before considering the merits of a habeas petition, a federal court must ensure that the petitioner has exhausted all available state remedies and fairly presented all of the claims in his habeas petition to the state courts.   *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004); *Spreitzer v. Schomig*, 219 F.3d 639, 644 (7th Cir. 2000).

**A.     Procedural Default (Claims 1 & 2)**

Respondent argues that two of petitioner's claims should be dismissed because they are procedurally defaulted.   Specifically, respondent argues that petitioner's claim that the trial court erred in denying his motion for a bill of particulars (Claim 1) and his claim that there was insufficient evidence to support his conviction (Claim 2) are procedurally defaulted because they did not go through one complete round of state court review.   Petitioner has not responded to respondent's argument.

The procedural default doctrine prevents the federal court from reaching the merits of a petitioner's habeas petition when either "(1) that claim was presented to the state courts and the state-court ruling against the petitioner rests on adequate and independent state-law procedural grounds, or (2) the claim was not presented to the state courts and it is clear that those courts would now hold the claim procedurally barred." *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004) (citing *Coleman v. Thompson*, 501 U.S. 722, 735 & n.1, 111 S.Ct. 2456, 2557 & n.1, 115 L.Ed.2d 640 (1991)).   It is the second type of procedural default that respondent argues is at issue in this case.   A petitioner is required to present his federal habeas claim through one complete round of state court review, either on direct appeal or through a post-conviction petition.   *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004); *White v. Godinez*, 192 F.3d 607, 608 (7th Cir. 1999) (one complete round of review includes a petition for discretionary review to highest court in state and applies equally to claims brought up on collateral review).   In Illinois, this means that a petitioner must have raised the claim on appeal and then presented the claim again in a petition for leave to appeal to the Illinois Supreme Court.   *Guest v. McCann*, 474 F.3d 926, 940 (7th Cir. 2007).   When a petitioner has exhausted his state court remedies, but fails to raise his federal claim at each level of state review then his claim is procedurally defaulted.   *Id*.; Perruquet, 390 F.3d at 514.

A petitioner's claim which has been procedurally defaulted is usually barred from federal habeas review, unless the petitioner can show cause and prejudice for

the default or he can show that the denial of relief will result in a fundamental miscarriage of justice. *Coleman v. Hardy*, 628 F.3d 314, 318 (7th Cir. 2010) (citing *Holmes v. Hardy*, 608 F.3d 963, 967 (7th Cir. 2010)); *Lewis*, 390 F.3d at 1026. A petitioner can show cause by demonstrating that some sort of external factor prevented him from presenting his habeas claim to the state court. *Lewis*, 390 F.3d at 1026. "Prejudice is established by showing that the violation of the petitioner's federal rights 'worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Id*. (quoting *United States v. Frady*, 456 U.S. 152, 170, 102 S.Ct. 1584, 1596, 71 L.Ed.2d 816 (1982) (emphasis in original)). A petitioner may also overcome a procedural default by showing that the denial will result in a fundamental miscarriage of justice. To show a fundamental miscarriage of justice, the petitioner must show that "he is actually innocent of the offense…, [in other words] that no reasonable juror would have found him guilty of the crime but for the error(s) he attributes to the state court." *Id*. (citing *Schlup v. Delo*, 513 U.S. 298, 327-29, 115 S.Ct. 851, 867-68, 130 L.Ed.2d 808 (1995)).

Thus, "[f]ederal habeas relief is available only when a petitioner has given the state courts a full and fair opportunity to review a claim, when there is cause and prejudice for the failure to raise the claim in state court or when the default would lead to a fundamental miscarriage of justice." *Steward v. Gilmore*, 80 F.3d 1205, 1211 (7th Cir. 1996) (citations omitted).

Here, the Court finds that petitioner's Claims 1 and 2 are procedurally

defaulted.   The Court notes that both of these claims were originally presented to the Illinois Appellate Court on petitioner's direct appeal.  (See Doc. 14 Ex. B).  However, when petitioner filed his petition for leave to appeal to the Illinois Supreme Court, petitioner did not include the claim regarding insufficiency of the evidence or the claim that the trial court erred in denying his request for a bill or particulars (Doc. 14 Ex. E).   In his petition for leave to appeal, petitioner did not set out any specific issues but rather simply sought to overturn his conviction and sentence (*Id.*).   Petitioner failed to raise the specific issues on one complete round of state court review and, thus, the claims are procedurally defaulted.

Further, petitioner has not offered any arguments which allow him to, nor does it appear to the Court that anything set forth in petitioner's habeas petition, overcome the procedural default.   Petitioner does not explain his failure to pursue the two claims to the Illinois Supreme Court, nor has he raised any external factor for his failure to raise the claims.[1]   Thus, the Court finds that the record fails to demonstrate cause and prejudice for the procedural default.   Petitioner has also failed to present a colorable claim of actual innocence.   Thus, the undersigned finds that petitioner's Claims 1 & 2 are procedurally defaulted and, accordingly, **DISMISSES with prejudice** these claims.

---

[1] Petitioner does indicate in his petition for leave to file a late appeal to the Illinois Supreme Court that he did not originally file an appeal to the Illinois Supreme Court because he was under the impression that he had to pursue a post-conviction collateral review before presenting his claims to the Illinois Supreme Court.  However, upon discovering his mistake, he sought and was granted leave to file a late petition for appeal, yet his petition did not include claims regarding the sufficiency of the evidence or the trial court's failure to provide him with a bill of particulars. Thus, the undersigned fails to see any external factor which would account for his failure to raise the claims on his petition for leave to appeal.

**B.    Non-cognizable Claims (Claims 3 & 4)**

Respondent also argues that a number of petitioner's claims are not cognizable under § 2254 including petitioner's claim that his post-conviction counsel was ineffective (Claim 3) and his claim that the trial court erred in denying his post-conviction counsel's motion for continuance (Claim 4).    Petitioner has not responded to these arguments.

Respondent maintains that petitioner cannot raise his claim that his post-conviction counsel was ineffective under § 2254.    The Court agrees with respondent.    Petitioner claims that his post-conviction counsel was ineffective for not supporting his claims in the post-conviction petition and for not attaching exhibits or arguing at the hearing for petitioner's claims.    However, petitioner cannot bring his claim for ineffective assistance of post-conviction counsel in a federal habeas proceeding.    In fact, § 2254 specifically rejects ineffective assistance of post-conviction counsel as a basis for relief.    *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").    Further there is no right to effective assistance of post-conviction counsel. *Pitsonbarger v. Gramley*, 141 F.3d 728, 737 (7th Cir. 1998); *Kitchen v. United States*, 227 F.3d 1014, 1018 (7th Cir. 2000) (Right to counsel extends through the first direct appeal, but once the direct appeal is over, a

defendant no longer has a right to counsel.).   Thus, the undersigned finds that petitioner's claim of ineffective assistance of post-conviction counsel is not cognizable under § 2254 and, accordingly, **DISMISSES** Claim 3 **with prejudice** because it is not a basis for habeas relief.

Respondent also maintains that petitioner's claim in regards to errors made by the trial court during petitioner's post-conviction petition at the state level (Claim 4) is also not cognizable.   Petitioner's § 2254 petition claims that the state court erred when it denied petitioner's request for a continuance on his post-conviction petition.    Post-conviction counsel had originally asked for an additional continuance to responding to the motion to dismiss in order to have a blood spatter witness review state witness John Nagle's testimony.   However, errors in state post-conviction proceedings do not raise a cognizable federal habeas claim. *Resendez v. Smith*, 692 F.3d 623, 628 (7th Cir. 2012) (citing *Montgomery v. Meloy*, 90 F.3d 1200, 1206 (7th Cir. 1996)).   "[E]rrors in state collateral review cannot form the basis for federal habeas corpus relief" unless the collateral review violates some other, independent constitutional right. *Montgomery*, 90 F.3d at 1206.   Petitioner has not cited to, nor does he argue that, the state court's supposed error in denying his motion to continue violated any other independent constitutional right.[2]   Thus, petitioner's Claim 4 is also not cognizable under §

---

[2] In Petitioner's post-conviction state court proceeding, he argued that his trial counsel was ineffective for allowing state witness John Nagle to give expert testimony regarding how the victim's blood got from the car to Petitioner's sweatshirt.   Post-conviction counsel sought additional time to obtain a blood spatter expert to review Nagle's testimony, but the trial court refused.   The Appellate Court ultimately found that the expert testimony would not have been helpful as Nagle had not given expert testimony and any such testimony would have been cumulative.   The Court notes that while

2554 and, thus, the Court **DISMISSES with prejudice** this claim as it does not form a basis for habeas relief.

## C.     Certificate of Appealability

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2254 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."   A petitioner cannot appeal a dismissal of his habeas petition unless he obtains a Certificate of Appealability.   See 28 U.S.C. § 2253(c)(1).   A Certificate of Appealability may only be issued where the Petitioner "has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2); *Evans v. Circuit Ct. of Cook Cnty., Ill.*, 569 F.3d 665, 667 (7th Cir. 2009).   This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists could debate whether…the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Mill-el v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)). While a petitioner need not show that his appeal will succeed, he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part.   *Id.* at 338 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983)).   Here, the undersigned finds no basis for a

---

Petitioner argues in this case that the post-conviction court erred in denying his counsel time to obtain an expert to review Nagle's testimony, he does not argue in this petition, like he did in the post-conviction state petition, that his trial counsel was ineffective in allowing Nagle's testimony.

determination that its decision to dismiss petitioner's claims was debatable or incorrect.   Petitioner's claims were dismissed because they were either procedurally defaulted or non-cognizable, both grounds which a reasonable jurist would not find debatable.   Accordingly, the Court **DENIES** petitioner a Certificate of Appealability in this case.

**IV.**   <u>**Conclusion**</u>

Accordingly, the Court **DENIES** petitioner Michael Harris's § 2254 habeas petition and **DISMISSES with prejudice** Claims 1 & 2 as they procedurally defaulted and Claims 3 & 4 as they are non-cognizable.   The Court further **DENIES** petitioner a Certificate of Appealability under **28 U.S.C. § 2253(c).**

**IT IS SO ORDERED**.

Signed this 7ᵗʰ day of March, 2013.

Digitally signed by
David R. Herndon
Date: 2013.03.07
11:53:56 -06'00'

**Chief Judge**
**United States District Court**